**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 5:13-CR-9 (MTT)** |
| **v.** | : | |
| | : | |
| **JOHN EDWARD BAKER,** | : | |
| **Defendant.** | : | |
| | : | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on September 11, 2013, Defendant John Edward Baker (hereinafter referred to as "Defendant") pled guilty to Count One of an Indictment charging the Defendant with Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2);

AND WHEREAS, the Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of specific property which was involved in the commission of the aforesaid violation;

AND WHEREAS, the Court has determined, based on the evidence already in the record, and Defendant's plea of guilty to Count One of the Indictment: (1) that Defendant has an ownership interest in the property listed below; (2) that the following property is subject to forfeiture pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c); and (3) that the United States has established the requisite nexus between the aforesaid offense and the following property, to wit:  One (1) Taurus, Model 608, .357 caliber revolver, Serial Number TB795193 (hereinafter referred to as the "subject property").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the subject property, and to conduct proper discovery in identifying, locating or disposing of the subject property in accordance with FED. R. CRIM. P. 32.2(b)(3) and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

2.      The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General or his designee may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

3.      Any person, other than the above-named defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), incorporated by 28 U.S.C. § 2461(c).

4.      **Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment**.  If no third-party

files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

5.     Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

6.     After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7.     The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third-party petitions, incorporated by 28 U.S.C. § 2461(c).

8.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this __1st___ day of __November_____, 2013.


_S/ Marc T. Treadwell_____
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA


PREPARED BY:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO.  052683